13-1298-cv
Bushey v. Colvin

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 29th day of January, two thousand fourteen.

Present:    ROBERT A. KATZMANN,
                     *Chief Judge*,
               RICHARD C. WESLEY,
               RAYMOND J. LOHIER, JR.,
                     *Circuit Judges.*

_____

TINA BUSHEY, AKA TINA LADUE,

                     *Plaintiff-Appellant*,

               v.                                              No. 13-1298-cv

CAROLYN W. COLVIN, Acting Commissioner of Social
Security, in place of Michael Astrue,

                     *Defendant-Appellee*.

_____

For Plaintiff-Appellant:          MARK A. SCHNEIDER, Plattsburgh, NY

For Defendant-Appellee:       JEREMY A. LINDEN, Special Assistant U.S. Attorney (Stephen
                                            P. Conte, Regional Chief Counsel - Region II, Office of the
                                            General Counsel, Social Security Administration, *on the brief*),
                                            *for* Richard S. Hartunian, U.S. Attorney for the Northern
                                            District of New York, New York, NY

Appeal from the United States District Court for the Northern District of New York (Treece, *M.J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,** and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Plaintiff-Appellant Tina Bushey appeals from a March 29, 2013 judgment by the United States District Court for the Northern District of New York (Treece, *M.J.*) affirming the decision of the Commissioner of Social Security to deny Bushey supplemental security income and disability insurance benefits. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

In deciding an appeal from a denial of disability benefits, we conduct a plenary review of the administrative record, focusing on the administrative ruling rather than the district court's opinion. *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009). We review the Commissioner's decision to determine if the correct legal standards have been applied and if the decision is supported by substantial evidence. *Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008); *see* 42 U.S.C. § 405(g).

We reject Bushey's argument that the administrative law judge ("ALJ") who heard her case erred by violating the treating source rule. The ALJ did refuse to give controlling weight to the opinion of Bushey's physician assistant Thomas Gavin, but Gavin is not an "acceptable medical source" and so the treating source rule did not apply to his opinion. 20 C.F.R. § 404.1513(a), (d)(1); *id.* § 404.1527(a)(2), (c)(2); *see Kohler v. Astrue*, 546 F.3d 260, 268-69 (2d Cir. 2008). Moreover, the ALJ gave good reasons for the decision to weigh Gavin's opinion less heavily, including the fact that Gavin had treated Bushey for less than two months before giving his opinion. *See* SSR 06-03p, 2006 WL 2329939, at *4-5 (Aug. 9, 2006) (stating that "[h]ow

2

long the source has known and how frequently the source has seen the individual" are relevant factors in weighing the opinion of a source that is not an "acceptable medical source").

We also reject Bushey's argument that the ALJ erred by finding that her testimony about her pain was only minimally credible. As the ALJ properly gave specific reasons for the adverse credibility finding, and those reasons were supported by substantial evidence in the record, we see no ground for disturbing them.

Bushey next contends that the ALJ erred in determining her residual functional capacity by discounting her subjective pain, her mental and psychological impairments, and the side effects of her medications. However, the ALJ had substantial evidence for his determination that Bushey's nonexertional limitations would not significantly limit the range of work available to her. The ALJ was not required to order an IQ test in order to fully assess Bushey's cognitive abilities, because "where there are no obvious gaps in the administrative record . . . the ALJ is under no obligation to seek additional information." *Rosa v. Callahan*, 168 F.3d 72, 79 n.5 (2d Cir. 1999).

We do not believe that the Appeals Council erred by refusing to review the ALJ's decision in light of the new evidence that Bushey submitted to that body. The Appeals Council had substantial evidence supporting its decision to decline review, as the new evidence that Bushey presented did not alter the weight of the evidence so dramatically as to require the Appeals Council to take the case.

Finally, we do not believe the district court erred by failing to remand Bushey's case to the Commissioner based on the new evidence that she submitted in this litigation. It is clear from the record that Bushey's new evidence does not raise a reasonable possibility that the Commissioner would have decided the case differently.

3

We have considered Bushey's remaining arguments and find they lack merit. For the reasons given above, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK