14-3678-cv
Bushey v. Colvin

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of June, two thousand fifteen.

PRESENT: RALPH K. WINTER,
PIERRE N. LEVAL,
REENA RAGGI,
*Circuit Judges.*

------------------------------------------------------------------------

TINA BUSHEY,

*Plaintiff-Appellant*,

v.                                                          No. 14-3678-cv

CAROLYN COLVIN, Commissioner of Social Security,

*Defendant-Appellee.*

------------------------------------------------------------------------

APPEARING FOR APPELLANT:     MARK SCHNEIDER, ESQ., Plattsburgh, New York.

APPEARING FOR APPELLEE:     JOSHUA L. KERSHNER, Special Assistant United States Attorney (Stephen P. Conte, Of Counsel, Regional Chief Counsel—Region II, Office of the General Counsel, Social Security Administration, *on the brief*), New York, New York, *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, New York.

1

Appeal from a judgment of the United States District Court for the Northern District of New York (Glenn T. Suddaby, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on September 30, 2014, is AFFIRMED.

Plaintiff Tina Bushey challenges the district court's affirmance of the Commissioner of Social Security's 2013 denial of her application for disability benefits.[1] We review the administrative record de novo, but we will set aside the agency decision "only if the factual findings are not supported by substantial evidence or if the decision is based on legal error." Burgess v. Astrue, 537 F.3d 117, 127 (2d Cir. 2008) (citation and internal quotation marks omitted). We have defined "substantial evidence" as more than a "mere scintilla," and as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Selian v. Astrue, 708 F.3d 409, 417 (2d Cir. 2013) (internal quotation marks and alteration omitted). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

On appeal, Bushey repeats the arguments she made to the district court. We reject those arguments largely for the reasons set forth in the district court's thorough and well-reasoned opinion. See Bushey v. Colvin, No. 8:13-cv-777 (GTS), 2014 WL 4854984 (N.D.N.Y. Sept. 30, 2014).

---

[1] The Commissioner denied an earlier application for benefits in 2010. That denial was affirmed by the district court and by this court on appeal. See Bushey v. Colvin, 552 F. App'x 97 (2d Cir. 2014) (summary order).

We additionally note that many of Bushey's arguments rely on evidence outside the record, which evidence we cannot consider in determining whether the Commissioner's decision was supported by substantial evidence. See 42 U.S.C. § 405(g) (requiring decision "upon the pleadings and transcript of the record"); Selian v. Astrue, 708 F.3d at 417 ("In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." (emphasis added)). Although we may remand a case to the Commissioner to consider additional evidence "upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding," 42 U.S.C. § 405(g), Bushey has not attempted to make such a showing here.

To the extent Bushey seeks remand on the ground that the Commissioner failed adequately to develop the record, that argument is meritless. The Commissioner was required to "develop a complete medical history of at least the preceding twelve months" from Bushey's application date, i.e., through January 2010. 42 U.S.C. § 423(d)(5)(B); see also 20 C.F.R. § 404.1512(d)(2) ("By 'complete medical history,' we mean the records of your medical source(s) covering at least the 12 months preceding the month in which you file your application."). Bushey has not pointed to any evidence subsequent to that date that was not included in the record but could have influenced the Commissioner's decision. Moreover, although the Commissioner is required "to gather such information for a longer period if there was reason to believe that the information was necessary to reach a

3

decision," that obligation is lessened where, as here, the claimant is represented by counsel who makes insufficient efforts to incorporate earlier records, and, in any event, we find nothing in the record that would have given the Commissioner reason for such a belief. DeChirico v. Callahan, 134 F.3d 1177, 1184 (2d Cir. 1998). Finally, given the evidence discussed by the Administrative Law Judge ("ALJ") relating to Bushey's cognitive functioning—her writing ability, arithmetic skill, and self-reported performance of routine activities—the Commissioner was not required to order an IQ test. See Rosa v. Callahan, 168 F.3d 72, 79 n.5 (2d Cir. 1999) (stating that "ALJ is under no obligation to seek additional information" unless there are "obvious gaps in the administrative record").

We have considered Bushey's remaining arguments and conclude that they are without merit. We therefore AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

4